**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 23-3009

———————————

JEAN BOSCO MUTARAMBIRWA,
Appellant

v.

TOWNSHIP OF WEST ORANGE; ATTORNEY GENERAL NEW JERSEY;
GOVERNOR OF NEW JERSEY; DENNIS DOWD; LOUISE G. SPENCER;
MEDIATRICE MUTARAMBIRWA; GEORGE LOPEZ

———————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-20-cv-06155)
District Judge: Honorable Claire C. Cecchi

———————————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 8, 2024

Before: KRAUSE, BIBAS, and SCIRICA, *Circuit Judges*

(Filed: November 12, 2024)

———————————

OPINION*

———————————

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Jean Bosco Mutarambirwa appeals from the District Court's denial without prejudice of his motion for a preliminary injunction. Because that denial is not a final, appealable order, we will dismiss for lack of appellate jurisdiction.[1]

After a New Jersey court concluded Mutarambirwa had harassed his wife, it entered a restraining order against him which, among other things, prevents him from possessing a firearm for the greater of two years or the duration of the restraining order, as authorized by New Jersey's Prevention of Domestic Violence Act (PDVA), N.J. Stat. Ann. § 2C:25-17–35. Dissatisfied, Mutarambirwa brought a § 1983 action, alleging the PDVA infringes his First and Second Amendment rights, and sought a preliminary injunction. The District Court denied his request for a preliminary injunction, and Mutarambirwa timely moved for reconsideration under Rule 59(e).

Our jurisdiction usually depends on a final order from which an appeal is taken, *Fed. Home Loan Mortg. Corp. v. Scottsdale Ins. Co.*, 316 F.3d 431, 438 (3d Cir. 2003), and because reconsideration was still pending at that point, the District Court's denial was not a final order. Nonetheless, Mutarambirwa then noticed this appeal. In the normal course, once the District Court denied reconsideration while his appeal remained pending, we could consider it a final order over which we could exercise jurisdiction. *See* Fed. R. App. P. 4(a)(4)(B)(i).

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. Our jurisdiction is putatively invoked under 28 U.S.C. § 1292(a)(1). While we lack appellate jurisdiction over Mutarambirwa's appeal, we always have jurisdiction to determine our own jurisdiction. *George v. Rushmore Serv. Ctr., LLC*, 114 F.4th 226, 234 (3d Cir. 2024).

Here, however, the District Court denied Mutarambirwa's motion "without prejudice" and invited him to "file a renewed motion for reconsideration . . . following the Supreme Court's" then-forthcoming decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024). App. 21–22. And because denials "without prejudice" do not constitute final, appealable orders, *Def. Distributed v. Att'y Gen. of N.J.*, 972 F.3d 193, 199 (3d Cir. 2020), Mutarambirwa has appealed a non-final order. We therefore lack appellate jurisdiction and will dismiss on that basis.